**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**FREDERICK CORTEZE BEVERLY,**

**Plaintiff,**

**v.** **Case No. 26-CV-674**

**MILWAUKEE COUNTY JAIL, and**
**WAUKESHA COUNTY JAIL,**

**Defendants.**

---

**REPORT AND RECOMMENDATION**

---

Plaintiff Frederick Corteze Beverly, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On August 19, 2026, the court screened the complaint and determined that Beverly failed to state a claim upon which relief may be granted. (ECF No. 14.) However, the court gave Beverly an opportunity to amend the complaint. On August 28, 2026, Beverly filed an amended complaint. (ECF No. 15.) Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall therefore randomly assign this matter to a district judge for consideration of the recommendations outlined below.

## REPORT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state

law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Beverly's Allegations and Analysis*

Beverly's amended complaint states in its entirety: "Waukesha County Jail and Milwaukee County Jail violated my civil rights, also committed negligence by denying me my medication. Also, I was given the wrong medication by Nurse John and Jane Doe." (ECF No. 15 at 2-3.) He does not give specific date ranges or describe how the defendants acted in failing to provide him his medication.

In its order screening Beverly's original complaint, the court informed Beverly "that he cannot simply name the institution as a defendant." (ECF No. 14 at 4.) The court further explained that in § 1983 actions "a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights." (*Id.*) The court stated that, because institutions like the Milwaukee County Jail are not "legally separable from the county government which it serves," they cannot be subject to suit under § 1983. (*Id.* (quoting *Whiting v. Marathon County Sherriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004)). The court specifically directed Beverly to name the individual defendants who violated his constitutional rights and include when those violations occurred. (*Id.*) The court instructed Beverly that, if he did not

know the names of the individual defendants, he could use John or Jane Doe placeholders. (*Id.*)

Beverly did not follow these instructions, instead listing the institutions as defendants. He did list a Doe defendant in the body of the amended complaint, but he left out specific dates and details regarding the incidents. While Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff give only "a short and plaint statement of the claim," and "specific facts are not necessary," the allegations still have to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 55 (internal citations omitted)). Beverly does not give notice of his claims. The court already gave Beverly an opportunity to amend his complaint and he failed to cure the deficiencies. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). As such, the court recommends dismissal of Beverly's suit.

**IT IS THEREFORE RECOMMENDED** that

- the case be dismissed for failure to state a claim upon which relief be granted and judgment entered accordingly;
- Beverly incur a strike under 28 U.S.C. § 1915(g);

E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 2nd day of September, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge