UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDERICK CORTEZE BEVERLY,

Plaintiff,

v. Case No. 26-cv-674-pp

MILWAUKEE COUNTY JAIL, *et al.*,

Defendants.

**ORDER ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 16) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

Plaintiff Frederick Corteze Beverly filed this lawsuit, alleging violations of his constitutional rights. Dkt. No. 1. On August 19, 2026, Magistrate Judge William E. Duffin issued an order finding that the plaintiff's complaint did not state a claim and giving the plaintiff an opportunity to file an amended complaint. Dkt. No. 14. The plaintiff filed an amended complaint. Dkt. No. 15. On September 2, 2026, Judge Duffin issued a report screening the amended complaint and recommending that this Article III court dismiss the case for failure to state a claim and assess the plaintiff a "strike" under 28 U.S.C. §1915(g). Dkt. No. 16. Judge Duffin's order stated that any objections to his recommendation were due within fourteen days—in other words, by September 16, 2026. Id. at 5. The order was mailed to the plaintiff at the Milwaukee County Community Reintegration Center, where he has been incarcerated since March 12, 2026 and remains incarcerated as of the date of this order. https://incustodysearch.milwaukeecountywis.gov. The deadline for objection

has passed and the court has not received from the plaintiff an objection to Judge Duffin's recommendation.[1] The court will adopt Judge Duffin's recommendation, dismiss this case for the plaintiff's failure to state a claim in his amended complaint and issue the plaintiff a "strike" under 28 U.S.C. §1915(g).

## I. Legal Standard

A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

## II. Discussion

In the amended complaint, the plaintiff names as defendants the Milwaukee County Jail and the Waukesha County Jail. Dkt. No. 15 at 1. The amended complaint states in its entirety, "Waukesha County Jail and Milwaukee County Jail violated [the plaintiff's] civil rights, also committed negligence by denying [him his] medication. Also, [the plaintiff] was given the wrong medication by Nurse John and Jane Doe." Id. at 2-3. Judge Duffin found that the amended complaint did not give notice of the plaintiff's claims as

[1] On September 14, 2026, the plaintiff filed a letter asking for relief ($500 million and a pardon in his "felony case") in this case and two other cases he has filed in this district. Dkt. No. 17. The letter does not include any objection to Judge Duffin's report and recommendation.

required by Fed. R. Civ. P. 8(a)(2) because the plaintiff listed only the jails as defendants and, although he did list Does in the body of the complaint, he did not include specific dates and details regarding the incidents. Id. at 4. Judge Duffin stated that when the court screened the original complaint, it specifically had directed the plaintiff to name the individual defendants who allegedly violated his constitutional rights and include when those violations occurred. Id. at 3. The plaintiff did not follow those instructions. Id. at 4. Based on the plaintiff's failure to give notice of his claims, Judge Duffin recommended that the case be dismissed for failure to state a claim upon which relief may be granted. Id. at 4; see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (To state a claim under Fed. R. Civ. P. 8(a), complaint allegations must "give the defendant fair notice of what the claim is and the grounds upon which it rests.")).

The court has reviewed Judge Duffin's order and finds that no part of the order is erroneous or contrary to law. The court will adopt Judge Duffin's recommendation and dismiss the case for failure to state a claim.

## III. Conclusion

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 16.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g) and will email a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court.* See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion

under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 23rd day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**